Southard J.
The state of demand claims $100, and sets out, that William Wier, of Washington, Morris died in December 1816, possessed of certain personal estate ; that the defendants, together with the widow, Elizabeth Wier, became the administrators, and took possession _____________dered *950 of the property; that the widow died in July, 1818 ; that - in September, 1818, the defendants reported to the Orphans’ Court of Morris county, that there remained in their hands, to be disposed of according to law, $1044.59.5; that inasmuch as Effie Imm, late Effie Wier, was one of the daughters of the deceased, and married to the plaintiff, “is entitled to a distributive share of the estate, that is, the moveable estate of the said William Wier, deceased, and from the balance so reported to be in the hands of the defendant, the plaintiff is entitled to demand of them as his distributive share, $100; that the plaintiff had executed to the defendants, a bond, with sufficient freehold security, in double the sum demanded, to refund and pay back to the defendants, the ratable share, &c., bearing date the 22d January, 1819, and produced before the court; that the plaintiff had also executed a release, for the said $100, in full of said distributive share, dated 22nd January, 1819 ; which bond and release were duly tendered, and the money demanded, on the said 22nd January, 1819, but refused, whereby, &c.
At the trial, the plaintiff gave in evidence, a certificate, from the surrogate, to prove that defendants were administrators of WilliamWeir, deceased. He also proved the execution, reading, and tender, of the bonds and release to one of the defendants. The defendant then moved for a nonsuit, because they were not tendered to both of the defendants ; which motion was overruled. Plaintiff then produced a certified copy of the account of defendants’, as audited and stated by the surrogate, and allowed by the court, shewing the balance as stated in the plaintiff’s state of demand ; and proved that the intestate left eleven children, of whom plaintiff’s wife was one. The jury found a verdict for $98.48. The trial and judgment was on the 30th March, 1819.
*From this statement, it is manifest, that the verdict and judgment, are for the eleventh part of the balance stated by the defendant’s account, with interest, from the time the account was allowed by the court, until the judgment. In this I think there is manifest error. William Weir, the intestate, left a widow and children. By our statute of distribution of intestate’s estate, where that *951 is the case, the widow is entitled to one-third. This plaintiff could not, therefore, be entitled to more than - the one-eleventh of two-thirds of his estate. The recovery has been for one-third, or $32.82 2-3 too much. It is true, the wddow is dead, and this child may be entitled to a share of her estate. But it is equalljr true, that she may not be entitled to one-eleventh part. She may not be one of eleven children of hers, though she was one of eleven children of William Wier. It may also be equally true, that the widow may have had debts, which would have diminished her estate, so that she did not leave the whole one-third part to be divided. But if neither of these be true; if the whole one-third was left to be divided among the same eleven children, still they claim it as her children, not the children of William, Wier.. They cannot recover it in an action against William Wier’s administrators, one of whom, was this very wfidow, while she was living.
Judgment reversed.
Southard J.
further remarked. I think there is a radical defect in these proceedings. The foundation of the plaintiff’s right to recover, rests on our statute for distribution of intestate’s estate. And, by the twelfth section of that statute, (Pat. 156) the judges of the Orphans’ Court are to decree distribution of the estate, pursuant to law ; after which, the persons claiming a share, shall have their remedy at law, against the executors or administrators. By the construction of this statute, the court is to fix the distributive share; they, and not a jury, are to determine who are entitled to portions of the estate ; and what those portions are. The consequences of submitting such questions to a jury, would be fatal to the rights of administrators. I think, therefore, that this action could not, in the present instance, be sustained by the plaintiff.